## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARK HICKS,                          :
                                     :   Civil Action No. 09-4155 (JAP)
             Plaintiff,              :
                                     :
             v.                      :   **MEMORANDUM OPINION**
                                     :
NEW BRUNSWICK POLICE                 :
DEPARTMENT, et al.,                  :
                                     :
             Defendants.            :

**APPEARANCES:**

Plaintiff pro se
Mark Hicks
Southern State Correctional Facility
P.O. Box 150
Delmont, NJ 08314

**PISANO**, District Judge

     Plaintiff Mark Hicks, a prisoner confined at Southern State
Correctional Facility in Delmont, New Jersey, seeks to bring this
civil action in forma pauperis, without prepayment of fees or
security, asserting claims pursuant to 42 U.S.C. § 1983.

     Civil actions brought in forma pauperis are governed by 28
U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.
No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which
amends 28 U.S.C. § 1915, establishes certain financial
requirements for prisoners who are attempting to bring a civil
action or file an appeal in forma pauperis.

     Under the PLRA, a prisoner seeking to bring a civil action
in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action <u>in forma pauperis</u> unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2).  Specifically, Plaintiff failed to include the required certified six-months institutional account statement.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application for leave to proceed <u>in forma pauperis</u> will be denied without

prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


/S/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: August 27, 2009

---

[1] This Court makes no finding as to whether this Complaint was filed timely or is otherwise subject to dismissal.

4