```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


MRK HICKS,                       :    Civil Action No. 09-4155 (JAP)

        Plaintiff,               :

             v.                  :    ORDER

JOHN YURKOVIC, et al.,           :

        DefendantS.              :    CLOSED
```

    This matter has come before the Court pursuant to Plaintiff Mark Hicks's filing of a civil Complaint.

    On March 31, 2010, this Court entered its Opinion and Order [6, 7] dismissing claims against certain defendants and ordering Plaintiff to show cause why his other claims should not be dismissed as time-barred, a copy of which was served on Plaintiff by the Clerk's office, by U.S. mail addressed to Plaintiff at the address provided by Plaintiff.  That mail was returned [9] to the Clerk's Office on April 19, 2010, with the notation that Plaintiff was no longer housed at that correctional facility.

    It appearing, pursuant to L.Civ.R. 10.1(a), that litigants have an affirmative duty to inform the Court of their street address and to inform the Court of any changes in the same within five days;

    And it further appearing that Plaintiff has failed to comply with this basic requirement;

And it further appearing that any filing which fails to meet the requirements of L.Civ.R. 10.1(a) is subject to being struck by the Clerk;

And it further appearing pursuant to Rule 41(b) of the Federal Rules of Civil Procedure that this Court may dismiss an action for failure to prosecute or for failure to comply with Court rules;

And upon consideration of the factors by which this Court's discretion must be guided, see Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984), as well as the alternatives that are available to this Court;

And this Court concluding that dismissal, without prejudice, is the appropriate sanction for Plaintiff's failure to apprise this Court of his current address, as no lesser sanction will suffice, cf., e.g., George v. District Attorney of Washington County, 2008 WL 1943428 (W.D. Pa. May 2, 2008); Thornton v. Estep, 209 Fed.Appx. 755, 2006 WL 3705038 (10th Cir. Dec. 18, 2006) (denying certificate of appealability to § 2254 habeas petitioner whose petition was dismissed for failure to prosecute after petitioner failed to inform court of new address); Tinoco v. Runnels, 2008 WL 2641351 (C.D. Cal. June 30, 2008); Colquitt v. Director, 2007 WL 2127244 (E.D. Tex. July 19, 2007); Dansby v. Albany County Corr. Facility Staff, No. 95-cv-1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) ("It is neither feasible nor

legally required that the clerks of district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes.") (quoting <u>Perkins v. King</u>, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted));

IT IS, therefore, on this 7th day of May, 2010,

ORDERED that the above-captioned Complaint is DISMISSED WITHOUT PREJUDICE for failure to prosecute and to comply with L.Civ.R. 10.1; and it is further

ORDERED that the Clerk of the Court shall close the Court's file in this matter.

                                               /s/ Joel A. Pisano  
                                              Joel A. Pisano  
                                              United States District Judge